**BOMER–BLANKS LUMBER COMPANY, INC., et al.**

v.

**ORYX ENERGY CORPORATION.**

Civ. A. No. 93–98–B.

United States District Court,
M.D. Louisiana.

Oct. 26, 1993.

André F. Toce, André F. Toce & Associates, Lafayette, LA, for plaintiffs and counter-defendants.

Patrick Wise Gray, Charles B. Griffis, III, Liskow & Lewis, Lafayette, LA, for defendant and counter-claimant.

**RULING ON PLAINTIFFS' MOTION TO DISMISS OR TRANSFER DUE TO INABILITY TO JOIN AN INDISPENSABLE PARTY**

POLOZOLA, District Judge.

This matter is before the Court on the plaintiffs' motion to dismiss or transfer. For reasons which follow, the Court finds that the plaintiffs' motion to dismiss should be granted, and this suit should be dismissed without prejudice.

Bomer–Blanks Lumber Company and Arthur N. Smith filed this suit in the 18th Judicial District Court for the Parish of Pointe Coupee, Louisiana, on January 11, 1993. The defendant, Oryx Energy Corporation, timely removed the action to federal court on February 4, 1993.

Plaintiffs filed a motion to remand in conjunction with a motion to file an amended complaint which added the Louisiana Conservation Commissioner (Commissioner) as a defendant in this action. The United States Magistrate Judge granted the plaintiffs' ex parte amendment to add the Commissioner. The plaintiffs now contend that the addition of the Commissioner destroyed diversity, and that the action should be remanded. Following the submission of memoranda and after hearing oral argument from the parties, the Court vacated the order of the Magistrate Judge allowing the amendment to the plaintiffs' petition. Therefore, the Court retained subject matter jurisdiction over this action under 28 U.S.C. § 1332.

The plaintiffs filed the motion to dismiss or transfer now before the Court. The plaintiffs contend that the Commissioner is an indispensable party under Rule 19 of the Federal Rules of Civil Procedure, and that the action may not properly be adjudicated without the Commissioner. Plaintiffs further contend that the action should be dismissed or "transferred" to the state court.[1] The defendant agrees that certain causes of action asserted by the plaintiff should be dismissed. However, the defendant requests that the Court retain jurisdiction over the remainder of the case. The Court finds that pursuant to Rule 19 and in the interest of judicial economy, this action should be dismissed without prejudice.

In paragraphs 29, 30 and 35 of their complaint, the plaintiffs allege that nitrogen injection procedures performed by the defendant pursuant to an order of the Commissioner constitute a breach of the defendant's duty to act as a reasonably prudent operator. These paragraphs of the plaintiffs' complaint constitute a collateral attack on an order of the Commissioner.[2] Therefore, the joinder of the Commissioner as a defendant is necessary for a complete resolution of the issues before the Court. However, under La.R.S. 30:12, any action against the Commissioner must be brought in the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana.

■ Based on the facts of this case and the representations of counsel, the Court finds that the Commissioner is an indispensable party to this litigation under Rule 19 of the Federal Rules of Civil Procedure. The Court further finds, pursuant to the Court's discretionary power under Rule 19(b), that the plaintiffs' action should be dismissed without prejudice. Under La.R.S. 30:12, the Commissioner may only be sued in the 19th Judicial District, and may not properly be joined as a defendant before this Court under the facts of this case.

■ Furthermore, a remand of this action to the 18th Judicial District Court would not serve the interests of justice and judicial economy because the Commissioner may only be sued in the 19th Judicial District Court. Therefore, the Court finds that this action should be dismissed without prejudice to allow the parties to file suit in the appropriate jurisdiction.

Therefore:

IT IS ORDERED that plaintiffs' suit be and it is hereby dismissed without prejudice.

Judgment shall be entered accordingly.

---

1. Plaintiffs first contend that this action should be dismissed without prejudice. In the alternative, plaintiffs contend that the action should be "transferred" to the 18th Judicial District Court for the Parish of Pointe Coupee, Louisiana. Because the 18th Judicial District is the district from which this case was removed, this would constitute a remand of the action.

2. La.R.S. § 30:12 (1989); *Trahan v. Superior Oil Co.*, 700 F.2d 1004, 1015–16 (5th Cir.1983).